```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| In re: | Civil Action No. 12-4135 |
|  | (On appeal from Bankr. Nos. |
|  | 11-11617 & 11-1757) |
| TRACY L. PURINGTON, | **OPINION** |
|  |  |
| Debtor. |  |

**APPEARANCES**:
TRACY L. PURINGTON
1043 OLD ZION ROAD
EGG HARBOR TOWNSHIP, NEW JERSEY
08215
   *Pro Se Debtor,*

FILOMENA BOCCELLA
5018 MOSS MILL ROAD
EGG HARBOR, NEW JERSEY
08215
   *Pro Se Appellant.*

**HILLMAN, District Judge.**

Appellant Filomena Boccella, pro se, moves the Court for reconsideration of the July 23, 2012 dismissal of her bankruptcy appeal. For the reasons that follow, Appellant's Motion for Reconsideration [U.S.D.C. No. 12-4135, Doc. No. 3] will be granted.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On January 20, 2011, Debtor Tracy L. Purington filed a voluntary petition of bankruptcy under Chapter 7 of the United

States Bankruptcy Code in the United States Bankruptcy Court in the District of New Jersey [Bankr. No. 11-11617; Doc. No. 1.]  On May 3, 2011, Appellant Filomena Boccella separately filed a complaint against Purington in the Bankruptcy Court seeking to block entry of discharge on the grounds that Purington had misrepresented that her construction company was registered, licensed, and insured in New Jersey, and that Boccella relied on this misrepresentation when she paid Purington over $17,000 for construction work to be done on her home. [Bankr. No. 11-1757; Doc. No. 1.]  On May 30, 2012, the Bankruptcy Court denied Boccella's request to declare the debt due to her from Purington as non-dischargeable, and dismissed her complaint with prejudice. [Id.; Doc. No. 12.]  Subsequently, on September 18, 2012, the Bankruptcy Court entered an Order discharging Purington. [Bankr. No. 11-11617, Doc. No. 11.]

     On June 12, 2012, Boccella filed a Notice of Appeal of the order denying her request and dismissing her complaint with the Bankruptcy Court.  On June 18, 2012, Boccella filed a motion in the Bankruptcy Court requesting a stay pending appeal, leave to proceed in forma pauperis, and an extension of time to file her appellate brief. [Bankr. No. 11-11617, Doc. Nos. 18 & 19.]  The bankruptcy judge sent Appellant a letter on June 28, 2012 responding to her various requests. [Id., Doc. No. 21, 06/28/12 Letter from the Honorable Judith H. Wizmur, U.S.B.J.]  With

respect to Appellant's request for an extension of time to file her appellate brief, the bankruptcy judge informed Boccella that the timeliness of such submissions on appeal were reserved for the consideration of the District Court, and that Boccella's request for an extension therefore had to be made to this Court. The bankruptcy judge noted, however, that Boccella's appeal had not yet been assigned to a specific district judge as of the date of the letter, and that she therefore had to wait until the case was assigned before submitting her request.

Appellant's case was assigned to the undersigned and docketed in the District Court on July 6, 2012. Approximately two weeks later, this Court dismissed Appellant's appeal on the basis that she failed to comply with the procedural requirements set forth by Federal Rule of Bankruptcy Procedure 8006. The Order specifically stated that Boccella's appeal was dismissed because: "[A]ppellant has not filed a designation of contents of record on appeal and statement of issues under Federal Rule of Bankruptcy Procedure 8006, nor has said party applied for an extension of time to do so[.]" [U.S.D.C. 12-4135, Doc. No. 2.] On August 13, 2012, Boccella filed a Motion for Reconsideration of the Court's Order dismissing her appeal.

## II.  STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration.  See Harrison v. Smith,

No.Civ.A.08-3050, 2010 WL 715666, at *2 (D.N.J. Feb. 24, 2010) (citing United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J. 1999)). Generally, such motions are treated as motions to alter or amend the judgment of the court pursuant to Rule 59(e).[1] See Harrison, 2010 WL 715666 at *2. In the context of bankruptcy proceedings in federal court, Federal Rule of Bankruptcy Procedure 9023[2] expressly incorporates Federal Civil

---

[1] Motions for reconsideration filed in federal court are also frequently treated as motions for relief from the court's judgment or order pursuant to Rule 60(b) of the Federal Civil Rules. Courts within the Third Circuit's appellate jurisdiction have previously recognized, however, that Rule 60(b) is generally inapplicable in appellate bankruptcy proceedings. See In re W.R. Grace & Co., 476 B.R. 114, 120 (D. Del. 2012)(Buckwalter, J., sitting by designation); In re Lisanti Foods, Inc., No.Civ.A.04-3868, 2006 WL 2927619, at *2 (D.N.J. Oct. 11, 2006); In re Brenner, No.Civ.A.89-8322, 1991 WL 239942, at *1-2 (E.D. Pa. Nov. 8, 1991). As noted by the district court in W.R. Grace:

> Appeals of bankruptcy judgments to district courts are governed by Part VIII of the Federal Rules of Bankruptcy Procedure and Part VIII does not incorporate Fed. R. Civ. P. 60. Although Bankruptcy Rule 9024 makes Civil Rule 60 applicable to cases arising under the Bankruptcy Code, Rule 60 generally only applies to judgments or orders of the bankruptcy court, and not to judgments or orders of a district court exercising appellate jurisdiction in a bankruptcy case.

W.R. Grace, 476 B.R. at 120 (internal citations, quotations & alteration of text omitted). Given that this Court is presently exercising its appellate jurisdiction over the instant matter, Rule 60(b) cannot serve as the procedural vehicle for Appellant's reconsideration motion. The Court will, however, consider the merits of Appellant's Motion pursuant to Federal Rule of Civil Procedure 59(e).

[2] Federal Rule of Bankruptcy Procedure 9023 provides:

Except as provided in this rule and Rule 3008, Rule 59

4

Rule 59(e).  <u>VFB LLC v. Campbell Soup Co.</u>, 336 B.R. 81, 83 n.1 (D. Del. 2005) ("Bankruptcy Rule 9023 incorporates Civil Rule 59 into the Bankruptcy Rules.").  As such, a motion seeking reconsideration of a judgment of a district court exercising its appellate jurisdiction in a bankruptcy proceeding is treated as a motion to alter or amend the court's judgment under the Federal Civil Rules.

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(I).  <u>Bowers v. Nat'l Collegiate Athletics Assoc.</u>, 130 F.Supp.2d 610, 612 (D.N.J. 2001).  That rule provides, in relevant part, as follows:

> [A] motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge. . . . A brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked shall be filed with the Notice of Motion.

L.R. 7.1(I).

A motion for reconsideration is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." <u>Dermo v. Isaacson</u>, No.Civ.A.11-06520, 2012 WL 4207179, at *1 (E.D. Pa. Sept. 19, 2012) (internal citations

---

F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

Fed. R. Bankr. P. 9023.

and quotation marks omitted).  In order to prevail on a reconsideration motion, the movant has the burden of demonstrating one of the following:

> (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.

Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  The standard for re-argument is considerably high, and such motions are granted only sparingly.  See Dermo, 2012 WL 4207179 at *2.  Thus, a party's difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F.Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Med. Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Indus., Inc. v. Comm. Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."  Tishcio v. Bontex, Inc., 16 F.Supp.2d 511, 532 (D.N.J. 1998) (internal citation omitted).

6

**III.    DISCUSSION**

On July 23, 2012, this Court entered an Order dismissing Appellant Boccella's bankruptcy appeal on the basis that she failed to adhere to the requirements set forth by Federal Rule of Bankruptcy Procedure 8006.  Applying the standard for reconsideration motions provided by the Third Circuit in <u>Max's Seafood</u> to the instant facts, the Court grants Appellant's Motion on the basis that reconsideration is necessary to prevent a manifest injustice to Boccella that would result from the dismissal of her appeal under the present circumstances.[3]

---

[3] As an initial matter, the Court notes that Boccella's Motion is untimely.  As detailed above, Local Civil Rule 7.1(i) provides that a reconsideration motion must be filed within 14 days of the entry of the Court's initial order or judgment. Similarly, Bankruptcy Rule 9023 likewise requires a party to file a motion to alter or amend the Court's judgment no later than 14 days after its entry.  <u>See</u> Fed. R. Bankr. P. 9023 ("A motion for a new trial or to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment."); <u>see also</u> <u>In re Gurst</u>, 88 B.R. 57, 58 (E.D. Pa. 1988).  Here, the Court entered an Order dismissing Appellant's bankruptcy appeal on July 23, 2012.  Boccella, however, filed her Motion for Reconsideration 21 days later on August 13, 2012.  As such, her Motion fails to abide by the timing requirements set forth in both Local Rule 7.1(I) and Bankruptcy Rule 9023.  The Court, however, is cognizant of the fact that Boccella is a pro se litigant perhaps unfamiliar with the law and civil litigation practice in this District, and thus affords her submission a more lenient interpretation.  <u>See</u> <u>Davis v. City of Newark</u>, No.Civ.A.09-1032, 2010 WL 3636243, at *2 (D.N.J. Sept. 10, 2010) (Brown, Chief. J.) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)) (further citation omitted); <u>see also</u> <u>Johnson v. City of Atlantic City, N.J.</u>, No.Civ.A.10-4386, 2012 WL 6725821, at *5 n.6 (D.N.J. Dec. 27, 2012)(Hillman, J.)(internal citations omitted)(awarding liberal readings to pro se litigants' submissions).  Moreover, the Court notes that Boccella previously requested an extension of time — albeit from the incorrect court — to file her appellate

>Bankruptcy Rule 8006 provides in relevant part as follows:
>
>(1) Within 14 days after filing the notice of appeal as provided by Rule 8001(a),[4] (2) entry of an order granting leave to appeal, or (3) entry of an order disposing of the last timely motion outstanding of a type specified in

---

brief.  Accordingly, the Court finds that despite the fact that it is untimely, the circumstances present in this case warrant consideration of the merits of Boccella's Motion.

>[4]  Bankruptcy Rule 8001(a) provides as follows:
>
>An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

Fed. R. Bankr. P. 8001(a).  Rule 8002, in turn, states as follows:

>(a) Fourteen-day period:  The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof.  If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.

Fed. R. Bankr. P. 8002(a).

>   Rule 8002(b), whichever is later,
>
>> the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

Fed. R. Bankr. P. 8006.  As applied here, only the first scenario provided by Bankruptcy Rule 8006 is relevant.  Neither the Bankruptcy nor District Court dockets indicate that either court entered an order granting leave to appeal.  Nor does either docket show that an order was entered disposing of any of the four types of motions specified in Bankruptcy Rule 8002(b).[5]  Therefore, the starting point of the Court's analysis is the day on which Boccella's Notice of Appeal was filed.  The record indicates that Boccella filed her Notice of Appeal with the Bankruptcy Court on June 12, 2012, but the appeal was not docketed with the District Court until July 6, 2012.  This therefore begs the question of which Notice of Appeal date started the running of the 14-day clock found in Rule 8006.

   In Jewelcor Inc. v. Asia Commercial Co., Ltd., 11 F.3d 394 (3d Cir. 1993), the Third Circuit explained the procedure governing the filing of a Notice of Appeal of a bankruptcy court decision and transmission of the record on appeal to the district

---

[5] These four types of motions are: (1) motions to amend or make additional factual findings under Bankruptcy Rule 7052; (2) motions to alter or amend the judgment under Bankruptcy Rule 9023; (3) motions for a new trial under Bankruptcy Rule 9023; or (4) motions for relief under Bankruptcy Rule 9024.  See Fed. R. Bankr. P. 8002(b).

court.  The Court of Appeals detailed the procedure as follows:

> In order to file a bankruptcy appeal, the parties and various court officials must carry out certain duties prescribed by the bankruptcy rules.  Initially, the notice of appeal is filed in the office of the bankruptcy court clerk, not with the district court clerk.  Within [14] days[6] of filing the notice of appeal, <u>the appellant must provide the bankruptcy court clerk with certain items to be included in the appellate record</u>. See Rule 8006 (parenthetical omitted). . . . When the record is complete for purposes of appeal, the clerk of the bankruptcy court shall transmit it forthwith to the clerk of the district court[.]  On receipt of the transmission the clerk of the district court . . . shall enter the appeal in the docket and give notice promptly to all parties to the judgment, order, or decree appealed from of the date on which the appeal was docketed.

<u>Id.</u> at 396, 397 (emphasis added).  Applying the Third Circuit's analysis in <u>Jewelcor</u> to the instant facts, the 14-day clock prescribed by Rule 8006 began to run at the time that Boccella filed her Notice of Appeal with the Bankruptcy Court — *i.e.*, June 12, 2012.  Boccella had 14 days from that date on which to file with the bankruptcy court clerk a designation of the items she wished to include in the appellate record.  Given that Boccella did not timely file her documents of record, the bankruptcy court clerk determined that the record was complete and transmitted it

---

[6] At the time that <u>Jewelcor</u> was decided by the Third Circuit, the older version of the Bankruptcy Rules was still applicable.  Rule 8006 previously provided that an appellant had 10 days from the date of appeal to file his documents of record with the bankruptcy court clerk. In 2009, the 10-day timeline of Rule 8006 was extended to 14 days.  Regardless of the amendment, the Third Circuit's analysis in <u>Jewelcor</u> with respect to the bankruptcy appellate process remains applicable here.

to the district court clerk on July 5, 2012. [Bankr. No. 11-11617, Doc. No. 22, "Cert. of Failure to File Designation of Record.")  The district court clerk thereafter docketed the appeal at the District Court level on July 6, 2012. [U.S.D.C. No. 12-4135, Doc. No. 1.]  Having received no response from Boccella, the District Court entered an Order dismissing her appeal on July 23, 2012. [Id., Doc. No. 2.]

The Third Circuit has indicated that a district court may only dismiss a bankruptcy appeal for failure to meet non-jurisdictional requirements — such as a failure to abide by Bankruptcy Rule 8006 — after balancing the six factors set forth in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  See In re Richardson Indus. Constr., 189 F. App'x 93, 96 (3d Cir. 2006) (vacating district court's dismissal of bankruptcy appeal for failure to abide by Rule 8006); see also Olick v. Kearney, No.Civ.A.10-458, 2010 WL 2407891, at *4 (E.D. Pa. June 9, 2010) (noting that the 14-day time limit set by Rule 8006 is not jurisdictional in nature).  These factors are as follows:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868.  Generally, dismissal is only warranted "in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal."  Olick, 2010 WL 2407891 at *4 (further citation omitted).  In Olick, our sister court in the Eastern District of Pennsylvania applied the Poulis factors in a largely similar factual scenario to the one at hand — namely, a pro se appellant requested reconsideration of the court's dismissal of his bankruptcy appeal for failure to abide by Rule 8006.  Given the high degree of similarity between the two cases, this Court finds the analysis set forth in Olick to be particularly instructive here.

 According to the first Poulis factor, the Court must assess the extent of the party's personal responsibility.  In Olick, the court recognized that the appellant was proceeding pro se, and therefore could not attribute his delay in filing to an attorney.  Id. at *5.  The court further noted that the appellant did not have access to the court's electronic filing system, and as a result could only file his submissions via hand or mail delivery.  Id.  The court also recognized that a large snowstorm occurred during the week that the appellant's submissions were due, thereby hindering his ability to timely meet the deadline.  Id.  As such, the court found that these circumstances "diminish[ed] the extent of Olick's responsibility for the delay."  Id.

12

In the case at hand, Boccella is also proceeding pro se and therefore cannot attribute her failure to meet the Rule 8006 deadline to an attorney.  It is also unclear whether Boccella has access to the electronic filing system.  Indeed, a review of the Bankruptcy Court docket indicates that all her prior submissions appear to be done through the U.S. Mail, and she alleges that she was not in receipt of any information regarding the appeal and assignment to the undersigned judge until she received the order dismissing her appeal through the U.S. Postal Service.  (Pl.'s Mot. Recon. ¶ 13.)  Furthermore, Boccella also states in her Motion that she does not own a computer and relies on the local library for computer access, which only maintains seven computers and permits one hour of usage per patron per day.  (Id. ¶ 17.)  Therefore, when taking these considerations into account, the Court finds that the first <u>Poulis</u> factor weighs in Boccella's favor.

The second factor requires an analysis of whether the adversary party experienced any prejudice as a result of the party's failure to meet the timing requirements.  Just as in <u>Olick</u>, Appellant's adversary, Purington, has not indicated that she was prejudiced in any way by Boccella's failure to timely file the Rule 8006 submissions.  In fact, Purington has not taken any affirmative action by filing any submissions on the appellate docket.  Accordingly, this factor also weighs in Boccella's

13

favor.

The third <u>Poulis</u> factor is whether the record indicates a history of dilatoriness.  In <u>Olick</u>, although the appellant's submissions were untimely, the court gave credence to the fact that he had previously made significant efforts to timely file submissions and did not appear to be aware of the relevant time line.  <u>Olick</u>, 2010 WL 2407891 at *5.  The same logic applies here.  The record does not indicate that Boccella previously engaged in dilatory behavior before either this Court or the Bankruptcy Court.  To the contrary, after Boccella filed her Notice of Appeal with the Bankruptcy Court, she requested an extension of time to file her appellate brief.  The Bankruptcy Court denied Boccella's request on the grounds that it lacked authority to grant an extension since matters regarding the timeliness of appellate submissions were reserved for the District Court's consideration, and instructed Boccella to make such a request after the case was assigned to a particular district judge.  [<u>See</u> Bankr. No. 11-11617, Doc. No. 21, 06/28/12 Letter from The Honorable Judith H. Wizmur, U.S.B.J.]  In her present Motion, Appellant avers that she anticipated delays in her ability to timely file her paperwork and planned to request an extension of time from the District Court, but was unaware of the date on which the undersigned actually assumed review of this matter.  (Pl.'s Mot. Recon. ¶¶ 13, 14.)  The fact that Boccella

14

previously requested an extension of time to file her appellate papers from the bankruptcy judge substantiates the reliability of this assertion.  Thus, the circumstances surrounding application of the third Poulis factor to the instant facts also weigh against dismissal.

According to the fourth Poulis factor, the Court must consider whether the party's conduct was willful or done in bad faith.  There is no indication from the record that Boccella has in any way acted willfully or in bad faith.

The Court next considers whether any sanctions alternative to dismissal are available here.  No such alternatives appear to be available under the present circumstances.  In Olick, the court found that, "[a]lthough the unavailability of alternative sanctions usually tends to weigh in favor of dismissal, . . . in this case alternative sanctions are unavailable not because they would be ineffective but because they would be unwarranted." Olick, 2010 WL 2407891 at *6 (citing In re Richardson, 189 F. App'x at 97).  In arriving at this conclusion, the Olick Court relied on the fact that the defendants had not alleged any material prejudice as a result of the delay and had not proposed any alternative sanctions in the event that the court rejected dismissal as a remedy.  Olick, 2010 WL 2407891 at *6.

Once again, this Court finds the logic of the Olick Court's analysis to be applicable here.  Boccella's adversary has not

alleged that she would be materially prejudiced by the re-opening of this matter, nor have any alternative sanctions been proposed. Further, as mentioned above, there is no evidence of willful misconduct, bad faith, or dilatoriness on Appellant's part. Thus, this factor likewise counsels against dismissal.

The Court concludes its analysis with a discussion of Poulis' sixth factor as applied to this case — the meritoriousness of Appellant's stated issues on appeal.  In Poulis, the Third Circuit indicated that, when deciding whether to dismiss an action for failure to comply with procedural requirements, a claim "will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]"  Poulis, 747 F.2d at 869–70. In the instant case, the Court is not in receipt of Boccella's statement of issues on appeal, nor has it had the opportunity to conduct a thorough and exhaustive review of the below proceedings before the Bankruptcy Court.  An analysis of the merits of Appellant's claims on appeal would therefore be premature at this point in time.  As such, this factor lacks sufficient weight to tip the scale either in favor of or against dismissal.

## III. CONCLUSION

The Court finds that a balancing of the six factors set forth by the Court of Appeals in Poulis indicates that dismissal of Boccella's appeal is not warranted in this case.  Accordingly,

Appellant's Motion for Reconsideration will be granted and her appeal shall be reinstated.[7]

An appropriate Order follows.


At Camden, New Jersey

/s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Dated: 01/28/13

---

[7] Federal Rule of Bankruptcy Procedure 9006(b)(1) requires Appellant to submit a motion requesting permission to file her Rule 8006 documents after the deadline. See Fed. R. Bankr. P. 9006(b)(1) ("[W]hen an act is required or allowed to be done at or within a specified period by these rules . . ., the court for cause shown may . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."); see also Olick, 2010 WL 2407891 at *6 n.12.
  Although Appellant has not yet filed a motion with the District Court requesting leave to file her appellate documents after the deadline, in her current Motion for Reconsideration, she requests an extension of time to file her appellate brief and necessary paperwork, as well as a request to amend her statement of issues on appeal. In order to grant her request, the Court would need to find that the reasoning behind Boccella's late filing was due to "excusable negligent." The factors to be considered in determining "excusable neglect" are substantially similar to the six Poulis factors discussed at length above. See Pioneer Inv. Servs. v. Brunswick Assocs., 507 U.S. 380, 395 (1993) (listing the "excusable neglect" factors as: "danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith").
  Accordingly, the Court will construe Boccella's Motion for Reconsideration as including a motion for permission to file her Rule 8006 documents after the deadline, and will grant the request for an extension of time. See Olick, 2010 WL 2407891 at *6 n.12 (interpreting appellant's motion for reconsideration to include proper Rule 9006(b)(1) motion). Appellant's request to amend her statement of issues on appeal, however, is denied without prejudice with leave to re-file as a formal motion.