UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Civil Action No. 12-4135 |
| TRACY L. PURINGTON, | **OPINION** |
| Debtor. | |

**APPEARANCES**:

FILOMENA BOCCELLA
5018 MOSS MILL ROAD
EGG HARBOR TOWNSHIP, NEW JERSEY 08215

　*Appellant, appearing pro se*

TRACY L. PURINGTON
1043 OLD ZION ROAD
EGG HARBOR TOWNSHIP, NEW JERSEY 08215

　*Appellee, appearing pro se*

**HILLMAN, District Judge.**

　　Presently before the Court is Appellant Filomena Boccella's appeal from the Bankruptcy Court's Order denying her request to declare the debt due to her from Appellee Tracy L. Purington as nondischargeable, and dismissing her complaint with prejudice. For the reasons that follow, Appellant's appeal will be denied.

**I.　BACKGROUND**

　　As the Court set forth in its prior Opinion, which

granted Boccella's motion to file her appeal after it was dismissed for her failure to timely comply with Fed. R. Bankr. P. 8006 (Docket No. 4), on January 20, 2011, Debtor Tracy L. Purington filed a voluntary petition of bankruptcy under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court in the District of New Jersey. On May 3, 2011, Appellant Filomena Boccella separately filed a complaint against Purington in the Bankruptcy Court seeking to block entry of discharge on the grounds that Purington had misrepresented that her construction company was registered, licensed, and insured in New Jersey, and that Boccella relied on this misrepresentation when she paid Purington over $17,000 for construction work to be done on her home. On May 30, 2012, the Bankruptcy Court denied Boccella's request to declare the debt due to her from Purington as nondischargeable, and dismissed her complaint with prejudice. Subsequently, on September 18, 2012, the Bankruptcy Court entered an Order discharging Purington.

## II. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from final judgments, orders, and decrees entered by the Bankruptcy Court. 28 U.S.C. § 158(a). This Court reviews the Bankruptcy Court's "findings of fact for clear error and exercise[s] plenary review over the Bankruptcy Court's legal

determinations." In re Pillowtex, Inc., 349 F.3d 711, 716 (3d Cir.2003); see also Fed. R. Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

## III. DISCUSSION

The Bankruptcy Court denied Boccella's request to hold the debt Purington owed to her as a result of a failed home improvement contract nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which provides, "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt for money . . . , to the extent obtained by--(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

In her appeal, Boccella asks this Court to overturn that finding because she wishes to pursue her claims for breach of contract and fraud against Purington, her husband, their relatives, and their related construction companies ("Purington parties") in New Jersey state court. Boccella also wishes to have criminal charges brought against the Purington parties for their fraudulent activities and deceptive practices, and to prevent them from perpetrating

3

their fraud on others. Purington has not filed an opposition to Boccella's appeal.

Boccella's appellant brief extensively describes her claims against the Purington parties, including a detailed recitation of their alleged conspiracy to dupe unwitting homeowners into entering into home improvement contracts, even though they are unlicensed and unskilled. Boccella's brief, however, fails to articulate why the Bankruptcy Court denied her request to classify her claim as nondischargeable. She also fails to explain how the Bankruptcy Court erred in that determination.[1]

In order to establish a claim under 11 U.S.C. § 523(a)(2)(A), a party must establish each of the following elements: (1) that the debtor obtained money, property or services through a material misrepresentation; (2) that the debtor, at the time of the transaction, had knowledge of the falsity of the misrepresentation or reckless disregard or gross recklessness as to its truth; (3) that the debtor made the misrepresentation with intent to deceive; (4) that the

---

[1] The Bankruptcy Court held a hearing on Boccella's request, but the record on appeal does not contain a transcript of that proceeding, and it does not contain a copy of the Bankruptcy Court's Opinion and Order denying her claim. As stated herein, the Court obtained a copy of the Bankruptcy Court's Opinion from the Bankruptcy Court's publically accessible Electronic Document Filing System.

plaintiff reasonably relied on the representation; and (5) that the plaintiff suffered loss, which was proximately caused by the debtor's conduct. In re Pandolfelli, 2012 WL 503668, 7 (D.N.J. 2012) (citing In re Santos, 304 B.R. 639, 651 (D.N.J. 2004); Starr v. Reynolds, 193 B.R. 195, 200 (D.N.J. 1996)). "'[A] debtor will rarely, if ever, admit that deception was his purpose,'" and, therefore, "'intent to deceive can be inferred from the totality of the circumstances, including the debtor's reckless disregard for the truth.'" Id. (quoting Insurance Co. of N. Am. v. Cohn (In re Cohn), 54 F.3d 1108, 1118-19 (3d Cir. 1995)).

Even though, as noted above, Boccella does not provide the Court with a copy of the Bankruptcy Court's Opinion explaining the reasons for denying her claim, the Court independently obtained the Opinion, which is available on the Bankruptcy Court's public-access docket. The Bankruptcy Court issued a comprehensive, 35-page Opinion, which details the procedural history of Boccella's relationship with the Purington parties, the Purington bankruptcy proceedings, and Boccella's claims and arguments for why the debt should not be considered nondischargeable. After weighing all of these considerations, and applying the standard set forth above with relation to § 523(a)(2)(A) claims, the Bankruptcy Court found that although Purington (1) materially misrepresented herself,

5

and (2) knew that her presentations to Boccella about her qualifications and her established capacity to do the work were false, Purington (3) did not intend to enter into the contract never intending to comply with its terms, despite the unsatisfactory workmanship of the job. (See Bankr. 11-1757, Docket No. 11, at 24-29.)

The Bankruptcy Court ultimately found that Boccella's arguments did not support a finding of the debt being nondischargeable because "the critical element of intent to deceive has not been established against the debtor by a preponderance of evidence in this case." (Id. at 34.) The Bankruptcy Court concluded:

> I am certainly sympathetic to the serious hardships endured by the plaintiff and her house-mate as a result of the failure of this project occasioned by the actions and inactions of the debtor, and recognize that the debtor clearly incurred a debt to the plaintiff as a matter of breach of contract. However I cannot conclude that all of the elements required to be shown to establish nondischargeability under section 523(a)(2)(A) have been met on this record.

(Bankr. 11-1757, Docket No. 11, at 35.)[2]

---

[2] The Bankruptcy Court also considered whether an arbitration award in favor of Boccella had a preclusive effect, and found that it did not because it was unconfirmed by a New Jersey court, and it did not address Boccella's claims regarding fraud under 11 U.S.C. § 523(a)(2)(A). Considering Boccella's arguments in her appeal, it does not appear that she is disputing the Bankruptcy Court's finding on that issue. Even if, however, she intended to dispute that finding, Boccella has not articulated how the Bankruptcy Court

This Court finds that the Bankruptcy Court properly applied the legal standard to Boccella's claims. This Court further finds that Boccella has not provided any basis to hold that the Bankruptcy Court's findings of fact are clearly erroneous. Only a finding that the Bankruptcy Court applied the wrong legal standard or made clear errors of fact would support the reversal of the Bankruptcy Court's decision. Because Boccella has failed to establish either, her appeal must be denied.

**IV. CONCLUSION**

For the reasons expressed below, Boccella's appeal of the decisions of the Bankruptcy Court in 11-1757 and 11-11617 will be denied. An appropriate Order will be entered.


Date: July 9, 2013                    s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

erred in that determination, and the Court finds no basis to overturn that finding.